[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14404
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00138-TWT-JSA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY JOSEPH THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 21, 2021)

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Stanley Joseph Thompson, a federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Thompson contends the district court erred in finding it could not reduce his sentence unless a circumstance set forth in U.S.S.G. § 1B1.13 existed. Specifically, Thompson asserts he presented extraordinary and compelling reasons for compassionate release because he is serving a draconian sentence for aiding and abetting robberies that did not result in loss of life or bodily injury, and for which he would be serving a much shorter sentence if sentenced today due to the First Step Act's changes to § 924(c). He also contends his poor legal representation at trial constituted an extraordinary and compelling reason because his defense was riddled with errors and failed to effectively represent him. After review,[1] we affirm the district court.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). One such exception is for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). The First Step Act of 2018 amended § 3582(c)(1)(A) to increase the use

---

[1] A district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) is reviewed for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We review *de novo* a district court's interpretation of a sentencing guideline. *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

and transparency of compassionate release, enabling prisoners, rather than the Bureau of Prisons (BOP) alone, to file compassionate release motions. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). As amended by the First Step Act, § 3582(c)(1)(A) provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that-- *extraordinary and compelling reasons* warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Section 3582(c)(1)(A) also requires any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. After briefing on this appeal concluded, we held in *United States v. Bryant* that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," including those filed by prisoners. 996 F.3d 1243, 1262 (11th Cir. 2021). Under § 1B1.13, a district court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines extraordinary and compelling reasons warrant the reduction and the defendant is not a danger to the safety of the community. U.S.S.G. § 1B1.13

3

The application notes to § 1B1.13 identify four categories of extraordinary and compelling reasons for compassionate release: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) "other reasons." *Id.*, comment. (n.1(A)-(D)).  Subsection D serves as a catch-all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, comment.  (n.1(D)).   As to this catch-all "other reasons" provision, we held that the discretion to determine whether such other reasons exist rests with the BOP, not the district courts.  *Bryant*, 996 F.3d at 1248, 1263.

The district court did not abuse its discretion in denying Thompson's motion for compassionate release.  The court correctly determined that § 1B1.13 was applicable to Thompson's motion and that a reduction must be consistent with one of the first three categories set forth in that provision.  *See id.* at 1248.  Neither the First Step Act's amendment of § 924(c)'s stacking provision nor ineffective counsel are reasons listed in § 1B1.13 justifying a reduction.  Thus, the court did not err in treating the reasons listed in § 1B1.13 as exclusive and refusing to consider whether those grounds, which fell outside the Sentencing Commission's binding policy statement, constituted extraordinary and compelling reasons for granting Thompson's motion.  We affirm the district court's denial of Thompson's

4

motion based on the failure to meet one of the four categories of extraordinary and compelling circumstances listed in § 1B1.13.[2]

**AFFIRMED.**

---

[2] Thompson also contends on appeal that the district court erred in analyzing the 18 U.S.C. § 3553(a) sentencing factors and that the district court failed to consider Thompson's request for a reduction of sentence to 28 years, rather than his 13 years of time served. Because the district court did not err in determining that Thompson failed to show extraordinary and compelling reasons for release, it is not necessary for this Court to consider whether the district court erred in determining the § 3553(a) factors weighed against release. Similarly, because the failure to meet one of the categories of extraordinary and compelling circumstances is not contingent on the amount of time the defendant requested for the lower sentence, it is unnecessary to determine whether the district court failed to consider a 28-year sentence.